# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DAVID S. McGLOSSON,

        Petitioner,     :    Case No. 1:14-cv-958

- vs -                      District Judge Michael R. Barrett
                                  Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Institution,

                                     :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought pro se by Petitioner David S. McGlosson, is before the Court for decision on the merits on the Petition (ECF No. 1), the Return of Writ and State Court Record (ECF Nos. 8, 9), and the Reply ("Traverse," ECF No. 12). The reference in the case was recently transferred to the undersigned as part of the effort to balance the workload of Western Division Magistrate Judges.

Petitioner pleads the following grounds for relief:

> **GROUND ONE:** Ineffective Assistance of Counsel
>
> **Supporting Facts:** Notwithstanding counsel's assurances of probation, or "the worst case scenario would be minimum concurrent sentences," counsel had no knowledge of Ohio's Sexual Offender statutes. Moreover, counsel's advice to plead to the Bill of Information included punitive aspects that were "contrary to law."
>
> **GROUND TWO:** Due Process

1

>**Supporting Facts:** Legislative intention under Ohio Law controls the courts. In the case sub judice, the lower court, as mandated, failed to provide notice of the Sexual Predator Hearing as required. This mandate provides the due process requirements to present evidence, call and examine witnesses, and provide for cross-examination.
>
>**GROUND THREE:** Double Jeopardy
>
>**Supporting Facts:** After multiple motions to be "re-sentenced," due to the improper plea as accepted and retroactive application of the Adam Walsh Act at sentencing, Petitioner was placed at a higher tier of classification/registration from his prior void sentence.
>
>**GROUND FOUR:** Unconstitutional Void Sentence and Double Jeopardy
>
>**Supporting Facts:** The lower court failed to recognize not only the void sentence, but the void plea in the Bill of Information. Given a clear remedy to vacate the sentence imposed and "re-sentence" Petitioner under the current legislation, the lower court denied Petitioner his due process rights and held a limited sentencing hearing absent the required merger statute prohibiting multiple punishments.

(Petition, ECF No. 1.)

**Procedural and Factual History**

The Butler County Prosecutor charged McGlosson with two counts of gross sexual imposition in violation of Ohio Revised Code § 2907.05(A)(4) by way of a Bill of Information on December 15, 2010. McGlosson, through counsel, waived his right to prosecution by indictment and his right to trial by jury. McGlosson pled guilty to both counts and was sentenced to a term of seven years incarceration and classified as a Tier II Sex Offender. McGlosson did not appeal the judgment.

On December 14, 2011, McGlosson filed a motion to set aside the judgment of conviction and withdraw the guilty plea pursuant to Ohio Crim. R. 32.1.  Following briefing on the issue, the trial court denied McGlosson's motion.

He then appealed to the Court of Appeals of Ohio, Twelfth Appellate District, Butler County, raising the following assignments of error:

> 1. The trial court erred when it failed to allow defendant-appellant to withdraw his plea when defendant-appellant indicated that he was innocent, that he was mislead [sic] as to the circumstances for his plea by defense counsel.
>
> 2. The trial court failed to examine the conduct of defendant-appellant's defense attorney's representation prior to the plea hearing including the investigation of the evidence being produced against him.

(State Court Record, ECF No. 8, Exh. 8, PageID 84.)

The Twelfth District Court of Appeals  set forth the facts of this case on direct appeal as follows:

> **[*P2]** On December 15, 2010, McGlosson pled guilty to a bill of information which charged him with two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), both third-degree felonies. These charges arose out of McGlosson's inappropriate sexual contact with one of his step-daughters, B.B., when she was under the age of 13. On January 26, 2011, the trial court sentenced McGlosson to four years on Count I, three years on Count II, and ordered the sentences to be served consecutively for an aggregate sentence of seven years. Appellant did not appeal his convictions or sentence.
>
> **[*P3]** About a year later, on December 14, 2011, McGlosson filed a motion to withdraw his guilty plea arguing that his trial attorneys were ineffective. McGlosson asserted that his attorneys pressured him to accept the plea, assuring him that if he did plead guilty, he would receive probation. He also alleged that his trial attorneys were ineffective for failing to file a motion to suppress a confession he made to the Butler County Sheriff's Office. In support of the motion, McGlosson attached his own affidavit and

>the affidavits of his stepdaughter, Heather McGlosson, and a friend of Heather McGlosson, Ben Baker.
>
>**[*P4]** The court held a hearing on the motion on February 15, 2012. At the hearing, McGlosson testified on his own behalf. The state then presented testimony from Detective Melissa Gerhardt who was the lead investigator of the charges against McGlosson. Detective Gerhardt was also one of the detectives who interviewed McGlosson. A DVD of this interview was admitted into evidence. The state also presented testimony from one of McGlosson's trial attorneys, Christopher Pagan.[1] A copy of both trial attorneys' files were also submitted to the court. After reviewing the evidence, the trial court denied McGlosson's motion to withdraw his guilty plea.

*State v. McGlosson,* 2013-Ohio-774, 2013 Ohio App. LEXIS 676 (12th Dist., March 4, 2013).

Following the briefing on the appeal, the court of appeals affirmed McGlosson's judgment. *Id.* McGlosson did not appeal to the Ohio Supreme Court.

During the pendency of McGlosson's appeal to the denial of his petition to withdraw his guilty plea, McGlosson sought re-classification of his sex offender status and registration duties pursuant to the Adam Walsh Act. The state agreed that McGlosson was improperly classified under the Adam Walsh Act and should be classified under Megan's Law. The trial court held a hearing on May 15, 2013, and McGlosson was re-classified as a sexual predator under Megan's Law.

McGlosson appealed his classification as a sexual predator to the court of appeals who affirmed the judgment of the trial court. *State v. McGlosson,* 2014-Ohio-1321, 2014 Ohio App. LEXIS 1239 (12th Dist., Mar. 31, 2014).

On April 15, 2014, McGlosson filed a pro se application for reconsideration and en banc consideration pursuant to App. R. 26(A)(1)(2). The court of appeals denied the application and

---

[1] McGlosson was also represented by Fred Miller in the proceedings below. However, Miller did not testify at the hearing on McGlosson's motion to withdraw.

4

the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. McGlosson,* 140 Ohio St. 3d 1497 (2014). McGlosson filed the instant case on December 15, 2014 (Doc. No. 1).

## ANALYSIS

Respondent seeks dismissal of the Petition under the statute of limitations (Return of Writ, ECF No. 9, PageID 495-505). McGlosson makes no response to this defense at all (Traverse, ECF No. 12).

28 U.S.C. § 2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the

> pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As the Return of Writ shows, McGlosson was sentenced on January 26, 2011. His time to appeal to the Twelfth District Court of Appeals expired thirty days later on February 25, 2011. Because he took no appeal, his conviction became final at that point and the statute began to run. Then, 291 days later on December 14, 2011, he filed a motion to withdraw his guilty plea which Respondent concedes is a proper collateral attack on the judgment which tolled the statute of limitations under § 2244(d)(2). On March 4, 2013, the Twelfth District affirmed denial of the motion to withdraw. McGlosson had forty-five days to appeal to the Ohio Supreme Court, but did not do so. The statute therefore began to run again on April 18, 2013, and expired seventy-four days later. McGlosson did not deposit his habeas corpus petition in the prison mail system until December 3, 2014, 519 days after the statute of limitations expired. Therefore, the Petition is barred by the statute of limitations and should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 13, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

6

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).