# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DAVID S. McGLOSSON,

                    Petitioner,            :     Case No. 1:14-cv-958

      - vs -                            District Judge Michael R. Barrett
                                                Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Institution,

                                    :

                    Respondent.

---

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This habeas corpus case is before the Court on Petitioner's Objection (ECF No. 15) to the Magistrate Judge's Report and Recommendations (ECF No. 14) which recommended dismissing the Petition with prejudice as barred by the statute of limitations. Judge Barrett has recommitted the matter for reconsideration in light of the Objections (ECF No. 16).

The Report calculated the expired time as follows:

> McGlosson was sentenced on January 26, 2011. His time to appeal to the Twelfth District Court of Appeals expired thirty days later on February 25, 2011. Because he took no appeal, his conviction became final at that point and the statute began to run. Then, 291 days later on December 14, 2011, he filed a motion to withdraw his guilty plea which Respondent concedes is a proper collateral attack on the judgment which tolled the statute of limitations under § 2244(d)(2). On March 4, 2013, the Twelfth District affirmed denial of the motion to withdraw. McGlosson had forty-five days to appeal to the Ohio Supreme Court, but did not do so. The statute therefore began to run again on April 18, 2013, and expired seventy-four days later. McGlosson did not deposit his habeas corpus petition in the prison mail system until December 3, 2014, 519 days after the statute of limitations expired.

1

(ECF No. 14, PageID 555.)

Thus the Report concluded that McGlosson's conviction became "final on direct review" on February 25, 2011. *Id.* McGlosson contends, in his Objections, that the conviction did not become final until November 5, 2014, the date on which the Ohio Supreme Court declined jurisdiction over McGlosson's appeal (ECF No. 15, PageID 559).

The State Court Record indicates the Judgment of Conviction Entry was filed January 26, 2011 (ECF No. 8, PageID 37). That document indicates McGlosson pled guilty to two counts of gross sexual imposition. It classifies him as a Tier II sex offender and imposes post-release control. *Id.* Represented by new counsel, McGlosson filed a Motion to Set Aside Judgment and permit him to withdraw his guilty plea on December 14, 2011 (ECF No. 8, PageID 54). The grounds of the Motion were that McGlosson did not intend to plead guilty and maintained his innocence of the charges; no claim was made that the judgment was "void" or "invalid." Judge Hedric denied the Motion on February 16, 2012, leaving the prior judgment as it was (Decision and Entry, ECF No. 8, PageID 76, et seq.) McGlosson appealed, but made no claim the judgment was void or invalid (Brief of Appellant, ECF No. 8, PageID 84, et seq.) The Twelfth District Court of Appeals affirmed the trial court's denial of the motion to withdraw *State v. McGlosson,* No. CA2012-03-57, 2013 Ohio App. LEXIS 676 (12th Dist. Mar. 4, 2013).

On September 21, 2012, McGlosson filed a *pro se* petition challenging his classification as a Tier II sex offender under Ohio's version of the Adam Walsh Act pursuant to the Ohio Supreme Court's decision in *State v. Williams*, 129 Ohio St. 3d 344 (2011), that persons who committed sex offenses prior to the adoption of the Adam Walsh Act should be classified instead under the prior Megan's law. The State agreed and, after a hearing, McGlosson was reclassified

as a sexual predator under the prior law.  On appeal from that judgment, the Twelfth District

found McGlosson's claim of ineffective assistance of trial counsel in the plea proceedings to be

barred by *res judicata*. The court held:

> [*P9]  Under the doctrine of res judicata, a final judgment of
> conviction bars the convicted defendant from raising and litigating
> in any proceeding, except an appeal from that judgment, any
> defense or any claimed lack of due process that was raised or could
> have been raised by the defendant at the trial which resulted in that
> judgment of conviction or on an appeal from that judgment. *State
> v. Dodson*, 12th Dist. Butler No. CA2011-02-034, 2011-Ohio-
> 6347, ¶ 9. Because appellant could have raised the issue relating to
> his trial counsels' performance in a direct appeal of his convictions
> and sentence, his argument is barred by res judicata. See
> *McGlosson*, 2013-Ohio-774.

*State v. McGlosson,* No. CA2013-05-082, 2014 Ohio App. LEXIS 1239 (12th Dist. Mar. 31,

2014), appellate jurisdiction declined, 140 Ohio St. 3d 1407 (2014).

In the same proceeding, McGlosson made a claim that his judgment of conviction was

void.  The Twelfth District decided that claim as follows:

> [*P37]  Assignment of Error No. 4:
>
> [*P38]   WHETHER THE TRIAL COURT ABUSED ITS
> DISCRETION IN ITS FAILURE TO VACATE A VOID
> JUDGMENT.
>
> [*P39]   Appellant argues that following the supreme court's
> decision in *Williams*, 129 Ohio St. 3d 344, 2011-Ohio-3374, 952
> N.E.2d 1108, his seven-year prison sentence was "void," and thus,
> the trial court abused its discretion when it did not conduct a de
> novo resentencing hearing and instead conducted only a
> reclassification hearing.
>
> [*P40]  We find that the only part of appellant's sentence that was
> affected by Williams was his erroneous classification as a Tier II
> sex offender under the AWA. See *State v. Barnes*, 12th Dist.
> Brown No. CA2010-06-009, 2011-Ohio-5226 (finding that the
> defendant was improperly classified under the AWA and reversing
> and remanding the trial court's decision solely on the grounds of

3

sex offender reclassification in accordance with Megan's Law); *State v. Dillon,* 5th Dist. Muskingum No. CT11-0062, 2012-Ohio-773 (same). The trial court therefore did not abuse its discretion when it failed to resentence appellant de novo and when it conducted only a reclassification hearing. See *State v. Bates,* 5th Dist. Guernsey No. 13 CA 9, 2013-Ohio-4768; *State v. Bolton,* 8th Dist. Cuyahoga No. 99137, 2013-Ohio-2467; and *State v. Johnson,* 3d Dist. Wyandot Nos. 16-11-05 and 16-11-06, 2013-Ohio-136.

[*P41]  Appellant's fourth assignment of error is overruled.

*Id.*

The Ohio courts never found the judgment of conviction and sentence to be void or invalid.   On McGlosson's motion, the judgment was modified to change his sex offender classification, but that did not result in a sentencing de novo which would have produced a new judgment.

McGlosson correctly cites *Romito v. Maxwell,* 10 Ohio St. 2d 266 (1967), for the proposition that:

> The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity (*Tari v. State*, 117 Ohio St. 481, 498; 31 Ohio Jurisprudence 2d 706, Judgments, Section 250) and the parties are in the same position as if there had been no judgment. *Hill v. Hill*, 299 Ky. 351, 185 S. W. 2d 245, and 30A American Jurisprudence 198, Judgments, Section 45.

*Id.* at 267.  But that is not what happened here:  McGlosson's judgment of conviction has never been held to be void under Ohio law.

The question of whether McGlosson's judgment is "void" under Ohio law is one that the Ohio courts must decide.  This court cannot decide that question of Ohio law *de novo* in a habeas corpus proceeding.  If the Ohio courts had entered a new judgment, then McGlosson's time to

file for habeas corpus would have begun to run again, but that is not what happened. Whether the trial court properly imposed post-release control on all counts or the proper financial sanctions under Ohio law, which McGlosson also contends did not happen (Objections, ECF No. 15, PageID 558) are also questions of Ohio law. No principle of federal constitutional law requires that those elements be present in a state court judgment.

**Conclusion**

The Magistrate Judge again concludes the Petition herein is barred by the statute of limitations and respectfully recommends that the Petition be dismissed with prejudice on that basis. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

February 22, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).