# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DAVID S. McGLOSSON,

        Petitioner,    :    Case No. 1:14-cv-958

- vs -    District Judge Michael R. Barrett
    Magistrate Judge Michael R. Merz

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    :

        Respondent.

## ORDER

This matter is before the Court on the Magistrate Judge's Reports (Doc. 14; Doc. 17) recommending that this Section 2254 habeas case be dismissed on statute of limitations grounds. Petitioner timely submitted objections, challenging the manner in which the magistrate judge calculated the statute of limitations (Doc. 15; Doc. 18). Despite an opportunity to do so, Respondent did not file an opposition to Petitioner's objections. This matter is ripe for disposition.

The magistrate judge summarized the procedural history of this case, which will not be restated in full here.

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Relying on 28 U.S.C. § 2244(d), the magistrate judge calculated the one-year statute of

1

limitations as follows:

> McGlosson was sentenced on January 26, 2011. His time to appeal to the Twelfth District Court of Appeals expired thirty days later on February 25, 2011. Because he took no appeal, his conviction became final at that point and the statute began to run. Then, 291 days later on December 14, 2011, he filed a motion to withdraw his guilty plea which Respondent concedes is a proper collateral attack on the judgment which tolled the statute of limitations under § 2244(d)(2). On March 4, 2013, the Twelfth District affirmed denial of the motion to withdraw. McGlosson had forty-five days to appeal to the Ohio Supreme Court, but did not do so. The statute therefore began to run again on April 18, 2013, and expired seventy-four days later. McGlosson did not deposit his habeas corpus petition in the prison mail system until December 3, 2014, 519 days after the statute of limitations expired.

(Doc. 17; PageID 563).

The magistrate judge further observed that, even though Petitioner had at one point erroneously been classified as a Tier II sex offender, and gone through a reclassification hearing, the "Ohio courts never found the judgment of conviction and sentence to be void or invalid." (*Id*. at 565). According to the magistrate judge, Petitioner's reclassification had the following effect: "the judgment was modified to change his sex offender classification, but . . . did not result in a sentencing de novo which would have produced a new judgment[.]" (*Id*.) In other words, the reclassification did not impact Petitioner's statute of limitations.

In his objections, Petitioner argues that the reclassification did indeed void his prior judgment of conviction. (Doc. 18: PageID 568). He cites two cases, *State v. Gilbert*, 2014-Ohio-4562, ¶ 1, 143 Ohio St. 3d 150, 150, 35 N.E.3d 493, 494 and *State v. Carlisle*, 2011-Ohio-6553, ¶ 1, 131 Ohio St. 3d 127, 127, 961 N.E.2d 671, 671, neither of which support the proposition that the reclassification voids the underlying judgment of conviction. Finding no error in the magistrate judge's calculation, Petitioner's objection is not well-taken.

Therefore, in accordance with the above, Petition's objections (Doc. 15; Doc. 18) are **OVERRULED**. The magistrate judge's reports (Doc. 14; Doc. 17) are **ADOPTED**, and the Petition is **DISMISSED WITH PREJUDICE**. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

    *s/ Michael R. Barrett*
Hon. Michael R. Barrett
United States District Judge